# UNITED STATES DISTRICT COURT

# [EASTERN DISTRICT]

**KEVIN GLOWICKI,** Plaintiff,

v.

**CITY OF MILWAUKEE; MILWAUKEE POLICE DEPARTMENT; MILWAUKEE HEALTH EMERGENCY CENTER (MHEC); ROGERS BEHAVIORAL HEALTH; JOHN DOE MPD OFFICERS 1-50; JOHN DOE PHYSICIANS/CLINICIANS 1-50; and DOES 1-50,** Defendants.

**Civil Action No.:** _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

### PRELIMINARY STATEMENT

1. This is a federal civil-rights action arising from Defendants' concerted failures and unlawful practices that resulted in the deprivation of Plaintiff's constitutional and statutory rights under the First, Fourth, and Fourteenth Amendments; violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; the Rehabilitation Act, 29 U.S.C. § 794; and actionable misconduct under 42 U.S.C. § 1983 and **Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)**.

2. Plaintiff brings this action **solely as his own federal civil case**. It is **separate and distinct** from: (a) any Wisconsin Chapter 51 proceedings in state circuit court; (b) any proceedings before the Wisconsin Court of Appeals; and (c) Plaintiff's status as a witness in a different federal matter. Those matters are referenced **only to provide factual context**, not to relitigate them.

3. At core, this case concerns a municipal and institutional pattern of reclassifying criminal complaints and protected reporting activity as "mental health" issues, substituting civil commitment for investigation, denying due process, and retaliating against protected speech—while failing to preserve and investigate readily available digital evidence of threats, harassment, and intimidation.

---

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202.

6. Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this District and the events giving rise to the claims occurred here.

---

## PARTIES

### Plaintiff

7. **Kevin Glowicki** is an adult resident of Wisconsin.

### Defendants

8. **City of Milwaukee** is a municipal corporation responsible for MPD policies, customs, training, supervision, and discipline.

9. **Milwaukee Police Department (MPD)** is a municipal department acting under color of state law.

10. **Milwaukee Health Emergency Center (MHEC)** is a medical facility involved in emergency mental health detention and evaluation, acting under color of state law and/or in joint action with MPD.

11. **Rogers Behavioral Health** is a private entity that performed evaluations and/or treatment pursuant to state authority and in coordination with law enforcement.

12. **John Doe MPD Officers 1–50** participated in, supervised, approved, or ratified the acts alleged.

13. **John Doe Physicians/Clinicians 1–50** participated in evaluations, detentions, recordkeeping, and decisions alleged herein.

---

## FACTUAL ALLEGATIONS

### A. Protected Reporting and Requests for Police Assistance

14. Plaintiff repeatedly reported online harassment, intimidation, threats of violence, and privacy-invasion attempts occurring across multiple platforms.

15. The reported conduct included explicit and implied threats, statements suggesting surveillance or IP tracing, and coordinated harassment using repeated language, imagery, and moderation tactics.

16. Plaintiff's reports constituted protected speech and petitions for redress under the First Amendment.

### B. Law Enforcement Response: Non-Investigation and Reclassification

17. MPD failed to initiate meaningful criminal investigations, failed to request platform preservation, and failed to perform digital forensics.

18. Instead, MPD repeatedly reclassified Plaintiff's reports as "mental health" contacts.

19. This reclassification occurred **without** investigation of the underlying threats and **without** neutral evidentiary testing.

### C. Detention and Civil Commitment Reliant on Police Narratives

20. Plaintiff was subjected to emergency detention under Wisconsin Chapter 51.

21. The detention relied substantially on police narratives and untested characterizations, not on investigated facts.

22. Plaintiff was deprived of timely access to counsel, records, and the ability to confront the basis of detention.

23. These actions contravened constitutional limits on civil confinement. See **O'Connor v. Donaldson, 422 U.S. 563 (1975)**; **Addington v. Texas, 441 U.S. 418 (1979)**.

### D. Medical Defendants' Role

24. MHEC and Rogers Behavioral Health relied on law-enforcement narratives without independent verification of reported criminal threats.

25. Records and evaluations incorporated uninvestigated police assertions, compounding the deprivation of liberty.

### E. Ongoing Harm and Chilling Effect

26. Defendants' actions chilled Plaintiff's speech, deterred reporting, and inflicted ongoing reputational, emotional, and liberty harms.

---

## MONELL ALLEGATIONS (CITY OF MILWAUKEE / MPD)

27. Plaintiff alleges municipal liability under **Monell**.

28. Policies, customs, or practices include:
    a. Reclassifying criminal complaints as mental-health incidents;
    b. Failing to investigate digital threats and harassment;
    c. Using boilerplate detention narratives;
    d. Failing to preserve digital evidence;
    e. Inadequate training on First Amendment retaliation and due process;
    f. Supervisory ratification of unconstitutional conduct.

29. These practices were the moving force behind Plaintiff's injuries.

---

## CLAIMS FOR RELIEF

### COUNT I – First Amendment Retaliation (42 U.S.C. § 1983)

30. Defendants retaliated against Plaintiff for protected speech.

31. See **Hartman v. Moore, 547 U.S. 250 (2006)**; **Nieves v. Bartlett, 139 S. Ct. 1715 (2019)**.

### COUNT II – Fourth Amendment Unlawful Seizure (42 U.S.C. § 1983)

32. Plaintiff was seized without probable cause or lawful justification.

### COUNT III – Fourteenth Amendment Due Process (42 U.S.C. § 1983)

33. Defendants deprived Plaintiff of liberty without procedural safeguards.

### COUNT IV – Monell Liability (42 U.S.C. § 1983)

34. Municipal policies and customs caused the violations.

### COUNT V – ADA (Title II) – 42 U.S.C. § 12132

35. Defendants discriminated and failed to accommodate.

### COUNT VI – Rehabilitation Act – 29 U.S.C. § 794

36. Defendants denied benefits and subjected Plaintiff to discrimination.

### COUNT VII – Civil Conspiracy (42 U.S.C. § 1983)

37. Defendants conspired to deprive Plaintiff of rights.

---

## DAMAGES

38. Plaintiff suffered loss of liberty, emotional distress, reputational harm, and economic damages.

---

## INJUNCTIVE AND DECLARATORY RELIEF

39. Plaintiff seeks declarations of unlawfulness and injunctive relief prohibiting future retaliation, requiring proper investigations, and mandating evidence preservation.

---

## JURY DEMAND

40. Plaintiff demands trial by jury on all issues so triable.

---

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Declaratory relief;
B. Injunctive relief;
C. Compensatory damages;
D. Punitive damages;
E. Attorneys' fees under 42 U.S.C. § 1988;
F. Costs; and
G. Such other relief as the Court deems just.

---

## APPENDIX A – MOTION FOR TRO AND PRELIMINARY INJUNCTION

[Detailed TRO/PI motion text addressing irreparable harm, likelihood of success, balance of equities, and public interest.]

## APPENDIX B – PROPOSED TRO / PI ORDER

[Proposed order enjoining retaliation, mandating preservation, and authorizing expedited discovery.]

## APPENDIX C – RULE 26(d) MOTION FOR EARLY DISCOVERY & LITIGATION HOLD

[Motion seeking early discovery to identify John Doe defendants and preserve digital evidence.]

---

Respectfully submitted,

**Kevin Glowicki**
Plaintiff, Pro Se

*/s/ Kevin Glowicki*

2843 N Bremen #3
Milwaukee WI 53212
262-459-2609