UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN GLOWICKI,

               Plaintiff,

                                       Case No. 26-cv-0041-bhl

   v.

JOHN DOES, et al,

               Defendants.

---

## SCREENING ORDER

---

On January 8, 2026, Plaintiff Kevin Glowicki, proceeding without an attorney, filed this lawsuit against the City of Milwaukee, the Milwaukee Police Department, Milwaukee Health Emergency Center, Rogers Behavioral Health, John Doe Officers, and John Doe Clinicians/Physicians in connection with his state involuntary commitment. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) On January 28, 2026, the Court granted Glowicki's motion for IFP and screened his complaint. (ECF No. 6.) The Court dismissed all Defendants except the John Doe Officers and permitted Glowicki to proceed on his 42 U.S.C. §1983 claims that the John Doe officers violated his First and Fourth Amendment rights. (*Id.*) The Court added Milwaukee Police Chief Jeffrey B. Norman as a nominal defendant and gave Glowicki sixty days from Norman's appearance to identify the unknown officers. (*Id.*) Those sixty days have now passed, but instead of identifying the unknown defendants as the Court directed, Glowicki has filed an unwieldy eighty-four page amended complaint that lists thirty-five named defendants along with another one hundred and twenty-five unknown defendants. (ECF No. 15.) Because Glowicki is proceeding IFP, the Court will screen his amended complaint.

The amended complaint has all the hallmarks of being prepared using Artificial Intelligence (AI). Rather than providing a short plain statement of his claim for relief, *see* Fed. R. Civ. P. 8(a)(2), the amended complaint begins with a lengthy "preliminary statement and nature of the action" that appears to be a software-generated effort to avoid scrutiny at screening. This

extended preamble asserts at length, often using legal jargon, what the action is not, what the Constitution protects, what Defendants "will likely" do, Glowicki's purported understanding of various case law and statutes, and why Glowicki believes the action should be brought. (*Id.* at 2–8.) The preliminary statement is then followed by a four-page single spaced section on jurisdiction and venue. (*Id.* at 8–12.) Glowicki then seeks to sue almost two hundred defendants in a "parties" section that runs another twelve pages. (*Id.* at 12–24.) It is not until *page twenty-four* that Glowicki begins his actual factual allegations, and, once begun, they continue for another forty pages! (*Id.* at 24–64.) They also include inexplicable references to numerous matters that do not appear relevant to the claims he later identifies. (*Id.*) With respect to his claims, Glowicki identifies twelve grounds for relief but does not make clear which claims apply to which defendants. (*Id.* at 64–78 (stating that "where applicable" some counts apply to "joint-action defendants").)

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Every allegation "must be simple, concise, and direct." *Id.* 8(d)(1). Length alone does not justify dismissal under Rule 8. *Sanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). At the same time, "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). That is the case here. Given Glowicki's IFP status, the Court is statutorily required to screen his complaint, removing it from the adversarial process. But the Court "need not try to fish a gold coin from a bucket of mud," and the substantial expenses arising from the judiciary's statutorily-required screening are "targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *See id.* The Court will therefore strike Glowicki 's amended complaint from the record under Rule 8.

Glowicki's initial complaint, (ECF No. 1), which the Court has already screened, (ECF No. 6), remains the operative complaint. The Court will grant Glowicki an additional **fourteen (14) days** to name the unknown officers. If Glowicki does not identify the unknown officers within the timeframe, the Court will dismiss the case for failure to prosecute. *See* Civ. L. R. 41(c).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Glowicki's Amended Complaint, ECF No. 15, is **STRICKEN**. Glowicki has **fourteen (14) days** from the date of this Order to identify the unknown officers in his complaint, ECF No. 1. If Glowicki fails to identify the unknown officers within that timeframe, the case may be dismissed for failure to prosecute pursuant to Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin on June 29, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge