UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN GLOWICKI,

Plaintiff,

Case No. 26-cv-0041-bhl

v.

JOHN DOES, et al,

Defendants.

---

**DISMISSAL ORDER**

---

On January 8, 2026, Plaintiff Kevin Glowicki, proceeding without an attorney, filed this lawsuit alleging that the City of Milwaukee, the Milwaukee Police Department, Milwaukee Health Emergency Center, Rogers Behavioral Health, John Doe Officers, and John Doe Clinicians/Physicians violated his rights in connection with his state involuntary commitment. (ECF No. 1.) Glowicki also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis*. (ECF No. 2.) On January 28, 2026, the Court granted Glowicki's motion for IFP, screened his complaint, and permitted him to proceed on claims under 42 U.S.C. §1983 against the John Doe officers for violations of his First and Fourth Amendment rights. (ECF No. 6.) The Court dismissed Glowicki's claims against the remaining Defendants. (*Id.*) The Court also added Milwaukee Police Chief Jeffrey B. Norman as a nominal defendant to allow Glowicki to take discovery to identify the names of the unknown officers and set a deadline sixty days from Norman's appearance for Glowicki to identify the unknown officers. (*Id.*) Attorney William Hotchkiss appeared for Chief Norman on March 13, 2026. (ECF No. 11.)

Instead of identifying the unknown defendants within 60 days of Chief Norman's appearance, Glowicki filed an eighty-four-page amended complaint on May 11, 2026, listing thirty-five named defendants and one hundred and twenty-five unknown defendants. (ECF No. 15.) The Court screened that amended pleading on June 29, 2026 and ordered it stricken for violating Federal Rule of Civil Procedure 8, restoring Glowicki's original complaint as the operative pleading. (ECF No. 17.) Given the order, the Court gave Glowicki an additional

fourteen days (until July 13, 2026) to identify the unknown officers from his first complaint. (*Id.*) The Court cautioned that if Glowicki failed to comply with the extended deadline, the Court would dismiss the case. (ECF No. 17 at 2.) On July 13, 2026—the day of Glowicki's deadline—the Court's order was returned by the United States Postal Service, marked as undeliverable. (ECF No. 18.) On July 22, 2026, Glowicki registered to receive electronic notices, and the Clerk of Court re-sent the Court's June 29 Order to him. (ECF No. 19.) The Court has heard nothing from Glowicki since then.

The original deadline for Glowicki to identify the unknown officers is now almost three months passed. The extended deadline has also expired. But Glowicki has not complied with the order. As a federal court plaintiff, Glowicki has an obligation to comply with all Court orders and procedures. As the Seventh Circuit has explained, "all litigants, including pro se litigants, are responsible for maintaining communication with the [C]ourt and monitoring the status of their lawsuit as necessary." *Casimir v. Sunrise Fin., Inc.*, 299 Fed. App'x 591, 593 (7th Cir. 2008) (collecting cases). Given Glowicki's failures to comply with the Court's orders, his case will be dismissed consistent with the Court's prior warning and Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that the case is **DISMISSED**. The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 6, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge